IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTINA PILIHOS,<br>   Plaintiff<br><br>v.<br><br><br><br>ENERGY TRANSFER PARTNERS<br>G.P.L.P. HEALTH AND WELFARE<br>PROGRAM,<br>   Defendant | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO.<br>§    5:19-cv-890<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Christina Pilihos complains that the claims administrators of the Energy Transfer Partners G.P.L.P. Health and Welfare Program wrongfully denied her claim for intravenous immunoglobulin treatment (IVIG) using the medication Panzyga for her relapsing-remitting Multiple Sclerosis (RRMS).

### I. PARTIES

1. Plaintiff Christina Pilihos is a resident of San Antonio, Bexar County, Texas.

2. Defendant Energy Transfer Partners G.P.L.P. Health and Welfare Program ("Plan") is the ERISA plan that is obligated to pay for the infusion treatment prescribed by her neurologist. The plan can be served by serving the

1

Plan Administrator Energy Transfer Partners G.P.L.P., c/o Benefits Department, 1300 Main St., Houston, Texas 77002.

## II. JURISDICTION AND VENUE

3. Pilihos is a participant of the Plan as a benefit of her employment. She was a lead cost analyst for Energy Transfer Partners. This lawsuit is based upon the claims administrators' denials of her claim for IVIG treatment with Panzyga to treat her RRMS. This court has jurisdiction over this claim for wrongful denial of welfare benefits under 29 U.S.C.A. 1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the Plan's payment obligations are to her or her treatment provider in San Antonio, Bexar County, Texas.

## III. STATEMENT OF FACTS

4. Pilihos was employed as a lead cost analyst for Energy Transfer Partners. She was diagnosed with relapsing-remitting Multiple Sclerosis in 2007. Multiple Sclerosis is a disease in which the immune system eats away at the protective covering of the nerves. Most people with MS have relapsing-remitting MS. This means that they experience flare-ups when their symptoms increase, called relapses, followed by periods when they have little or no symptoms, i.e. remissions. MS is a progressive disease.

5. Since 2007 Pilihos has been plagued with the typical symptoms that most MS patients suffer: severe mental and physical fatigue, cognitive

dysfunction, wide-spread muscle weakness, joint pain, chronic migraines, depression, poor tolerance for stress, anxiety, daytime sleepiness, inability to concentrate, and temperature intolerance.

6. Even so, Pilihos was able to engage in full-time work until February 20, 2019, when her neurologist took her off work due to the progressive nature of her illness and the deterioration of her condition because of the denial of necessary immunoglobulin infusion treatment (IVIG) with Panzyga. Panzyga is a liquid preparation of highly purified immunoglobulin G (IgG) derived from large pools of human plasma.

7. The infusion treatments were prescribed for Pilihos by her neurologist Suzanne Gazda, M.D. because a wide variety of common MS oral medications that were previously prescribed by Dr. Gazda, including Copaxone, Betaseron, Gilenya, and Lemtrada, had failed. Lemtrada damaged Pilihos's immune system. Dr. Gazda advised CVS caremark, the claims administrator for the drug program offered by the Plan, that IVIG treatment was the only remaining therapy available that offered the potential for Pilihos to recover and function well again.

8. CVS caremark denied the requested IVIG treatment. The reason for the denial was provided Pilihos in a letter dated April 11, 2019:

> "Standard New to Market Intravenous Immunoglobulin (IVIG) Policy does not allow coverage of Panzyga if the requested drug is not being used for a Food and Drug Administration (FDA)-approved indication or an indication supported in the compendia of current literature."

3

9. Pilihos appealed the adverse benefit determination. CVS caremark denied her appeal. The reason for denial of her appeal was provided Pilihos in a letter dated April 19, 2019:

> "Your appeal for Panzyga for relapsing remitting multiple sclerosis has been determined as not medically necessary. Per physician review, current Standard New to Market Intravenous Immunoglobulin (IVIG) plan criteria and current medical literature do not support the use of Panzyga in this case since the patient has not tried and demonstrated an inadequate treatment response or intolerance to the available preferred formulary alternative(s) for the given diagnosis. Several medications are listed, but clear lack of response or intolerance is not clearly documented…"

10. Both Pilihos and Dr. Gazda appealed this decision and an external review was requested. In a letter dated May 15, 2019, Ms. Pilihos wrote as follows:

> "The severe fatigue effects (sic) my ability to meet any deadlines or fixed schedules and would result in multiple mistakes. The cognitive dysfunction effects my memory and my ability to function. I have severe difficulties concentrating, articulating thoughts and words, processing information, and completing basic tasks. The profound muscle weakness and joint pain is constant and present in every activity. It has increased so rapidly in the past 12 weeks that at the age of 31 I am required to use a cane.
>
> My numerous symptoms result in my inability to work and will continue to increase without the necessary life-saving medication IVIG. I believe in my physicians and the ability of this medication to stabilize my symptoms and be the person I was 6+ months ago working full time.
>
> I beg you for your approval of this medication to allow me to be the productive employee I once was before it is too late."

Dr. Gazda wrote as follows:

4

> "Immune Globulin therapy has been shown to reduce the frequency of relapses in RRMS. IVIG has been well recognized for years as a standard of care for RRMS and is well established in Peer-Reviewed Journals. IVIG has been studied as a treatment for RRMS in numerous studies and has proven a safe and effective treatment for the diagnosis of refractory RRMS…."

11. An external review was performed by the Plan's vendor for external reviews, AllMed. In a terse adverse benefit determination dated May 23, 2019, AllMed gave the following two reasons for denial:

> "The requested Panzyga is not being used for an FDA-approved indication or an indication supported in the compendia of current literature…….
> Given the patient's diagnosis and health condition, Panzyga is not considered medically necessary."

**Exhaustion of Appeal Requirements**

12. Pilihos exhausted her appeal rights as required by the Plan and ERISA claims regulations.

**The Claims Administrators' Decision Were
Contrary to a Preponderance of the Evidence,
Or, in the Alternative, Were an Abuse of Discretion**

13. If the standard of review of the adverse benefit determination is considered to be de novo, the default standard of review for ERISA benefit denials, then the claims administrators' decision to deny Pilihos's claim for intravenous immunoglobulin treatment (IVIG) using the medication Panzyga for her relapsing-remitting Multiple Sclerosis (RRMS) was contrary to the preponderance of the evidence. If CVS caremark and AllMed are found to have been granted proper discretionary authority by the Plan that allows for an abuse of

5

discretion standard of review, their decision to deny Pilihos the requested IVIG treatment was an abuse of that discretion. It was clear from the medical records that other treatments had failed. Under such circumstances, IVIG treatment for RRMS is supported by peer reviewed journals and is well-recognized by the compendia of current medical literature as an appropriate treatment for Pilihos, given her circumstances and medical history.

14. In the alternative, even if there is language in the policy or plan-related documents that is interpreted to grant CVS caremark and AllMed discretion, such discretionary language is unenforceable as to Pilihos's claim because it is a violation of Texas law to seek enforcement of a discretionary clause in a health plan against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

### IV.  CAUSES OF ACTION UNDER ERISA AND RELIEF REQUESTED

**Benefit Claim**

15. Pilihos brings this cause of action for health benefits under 29 U.S.C.A. §1132(a)(1)(B) of ERISA, more specifically coverage under the Plan for intravenous immunoglobulin treatment (IVIG) using the medication Panzyga for her relapsing-remitting Multiple Sclerosis (RRMS). The denial of the requested treatment was contrary to the preponderance of the evidence, or, if abuse of discretion is found to apply, the denials were an abuse of discretion. Pilihos

requests what was prescribed by Dr. Gazda, namely a 130 gram loading dose of IVIG with Panzyga and then a series of five subsequent infusions of Panzyga at a dose of 65 grams, and then additional treatments, if deemed necessary. In the event her health benefits under the Plan are terminated during the pendency of this claim because she is no longer considered an employee, an event that will have been caused by her inability to return to work because the requested IVIG treatment was denied, Pilihos requests damages equal to the cost of the treatment prescribed by Dr. Gazda that should have been paid by the Plan.  The out-of-pocket cost for the IVIG treatment is estimated to be $125,000.

## V.  ATTORNEY'S FEES

16. Pilihos requests her attorney's fees and costs under 29 U.S.C.A. 1132(g).

## PRAYER

Pilihos brings this cause of action for health benefits under 29 U.S.C.A. §1132(a)(1)(B) of ERISA, more specifically coverage under the Plan for intravenous immunoglobulin treatment (IVIG) using the medication Panzyga for her relapsing-remitting Multiple Sclerosis (RRMS). In the event her health benefits under the Plan are terminated during the pendency of this claim because she is no longer considered an employee, an event that will have been caused by her inability to return to work because the requested IVIG treatment was denied, Pilihos requests damages equal to the cost of the treatment prescribed by Dr.

Gazda that should have been paid for by the Plan. Pilihos requests her attorney's fees, pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: _/s/Jeffrey E. Dahl_
Jeffrey E. Dahl
State Bar No. 05310900
Attorney for Plaintiff Christina Pilihos